UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-01126-RPM

DAVID R. ANDERSON,

    Plaintiff,

v.

CRAIG MOEN,
JESSE AVENDANZO,
KENNETH MANZANARES and
RYAN GROTHE,

    Defendants.
_____

ORDER OF DISMISSAL UNDER RULE 41(b)
_____

    This civil action was initiated by a complaint, filed by David R. Anderson, *pro se*, on June 13, 2002, while he was a prisoner housed in a Colorado Department of Corrections facility in Canon City, Colorado. An amended complaint was filed, *pro se*, on July 1, 2002, and again on December 18, 2002. Case management was supervised by a United States Magistrate Judge. Claims made under state law were dismissed by this Court on March 4, 2003, pursuant to defendants' motion to dismiss.

    The Court then entered an order directing the Clerk to seek volunteer counsel to represent the plaintiff on the remaining claims seeking relief under 42 U.S.C. § 1983 for constitutional torts. Christopher Beall responded and entered his appearance, together with co-counsel who have represented Mr. Anderson since March 7, 2003. Counsel filed a third amended complaint. The defendants filed motions for partial summary judgment which this Court ruled on by its order of March 8, 2005, dismissing the City

and County of Denver and a claim for malicious prosecution but denying the defendants Moen, Avendano, Manzanares and Grothe on claims of false arrest and the use of excessive force based on the December 2, 2000, arrest of the plaintiff.

On January 14, 2005, counsel filed a notice that Mr. Anderson was released from custody on January 11, 2005. The Magistrate Judge proceeded to enter a pretrial order on March 28, 2005, and this Court conducted a final trial preparation conference on July 29, 2005, scheduling a jury trial for January 23, 2006.

On December 22, 2005, plaintiff's counsel filed a motion to vacate the trial date, informing that Mr. Anderson had been arrested on September 27, 2005, on new drug related charges and was in custody in the Denver County Jail. At a status conference, held on January 4, 2006, the Court was notified that Mr. Anderson was still in custody, unable to make bond. The trial date was vacated and the Court directed that counsel inform the Court as to the plaintiff's status in the pending criminal proceedings.

On January 27, 2010, the Court entered an order for a status report which counsel filed on February 10, 2010. In that report, the Court was informed that Mr. Anderson had pleaded guilty to a possession charge and that on February 22, 2006, the Denver District Court sentenced him to six years with the Colorado Department of Corrections. Counsel further informed that they had had no contact with the plaintiff since late 2005 and that the best information available was that he was housed at the Sterling Correctional Facility. Counsel requested an opportunity to further advise the Court concerning the plaintiff's intentions as to this litigation.

On February 16, 2010, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute, noting that the plaintiff had failed to

2

communicate with his appointed attorneys.

In a response filed on February 24, 2010, counsel advised that Mr. Anderson said he had incorrectly assumed that proceedings in this action would be stayed until his release from incarceration and that Mr. Anderson had difficulties in communicating with counsel.

A status conference was convened on April 15, 2010, at which time the Court suggested some discovery to determine the availability of witnesses, given the lengthy delay in this case.

On August 3, 2010, the Court entered an order for status reports and the plaintiff's status report, prepared by counsel, was received on August 4, 2010. Counsel advised that they had met with the plaintiff on May 13, 2010, and that he directed counsel to proceed to move forward to bring the case to trial.

On August 6, 2010, the defendants filed their status report, indicating that the location of the confidential informant involved in this case was unknown, that records of the Denver Police Department had been purged and that the case was stale. The defendants followed that status report with a motion to dismiss for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) on August 13, 2010. The defendants alleged prejudice from the long delay in this matter, noting that the events giving rise to the claims occurred almost ten years ago, that interference with the normal judicial process of this case was caused by the plaintiff's new criminal conduct resulting in his confinement and his failure to communicate with his appointed counsel.

Plaintiff's counsel filed their response on August 25, 2010, asserting that the defendants had failed to demonstrate the unavailability of evidence necessary to the

3

defense of the case or to support the assertion of prejudice from diminished recollection of the witnesses.

Upon review of the entire history of this civil action, it is this Court's finding and conclusion that the prejudice to an orderly trial of the claims made on behalf of the plaintiff in this case is apparent and that Mr. Anderson's new criminal conduct and failure to communicate with his attorneys who have invested substantial time and resources in this matter, is inexcusable.  As noted in this Court's order on the defendants' motions for partial summary judgment, the Court indulged the plaintiff's contentions as possibly provable, based on the possibility that admissible evidence might be produced at trial.  Since that order, the Tenth Circuit Court of Appeals and other courts have made clear that a response to a defendant's motion for summary judgment must demonstrate the availability of admissible evidence rather than reliance on hearsay statements.  In this case, the questions of probable cause for arrest and excessive force are dependent upon the testimony of those persons present and witnessing the incident which occurred in a very short period of time in the early morning hours on December 2, 2000, when the plaintiff appeared at a convenience store in the company of Gilbert Thomas for whom a valid arrest warrant had been issued.  Because of similarity in their appearance, the police confused Mr. Anderson with Mr. Thomas and a rapid sequence of events followed.  The objective reasonableness of the defendant police officers in mistaking the plaintiff's identity and in the use of force in his arrest are issues that are fact intensive and entirely dependent upon the observation and recall of those present at the scene.   It is not reasonable to expect that the witnesses who may still be available will have sufficient recollection to

4

give reliable testimony under these circumstances.  Accordingly, it is

ORDERED that this civil action is dismissed under Fed.R.Civ.P. 41(b).

DATED: August 26th, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge